UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
IN THE MATTER OF THE *EX PARTE*          :       Misc. Case No.:____
APPLICATION OF PATOKH CHODIEV            :
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782              :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-23-2022

### [PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION OF PATOKH CHODIEV FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Patokh Chodiev pursuant to 28 U.S.C. § 1782 for Leave to Take Discovery for Use in Foreign Proceedings (the "Application"). The Court, having considered the Application, the supporting Declarations, and all other materials submitted in connection herewith, and otherwise being fully advised in the premises, finds as follows:

A.   Mr. Chodiev has met the requirements under 28 U.S.C. § 1782 for granting the Application.

B.   For purposes of the instant Application, RenCap Securities Inc. resides in or is found in the Southern District of New York.

C.   The discovery sought through this Application is for use in reasonably contemplated foreign proceedings.

D.   Mr. Chodiev, in his capacity as a party-litigant in the contemplated foreign proceedings, is an interested person within the meaning of the statute.

E.   The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the Application.

1

F.      More particularly: (1) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (2) the Application does not appear to conceal an attempt to circumvent proof-gathering restrictions; and (3) the Application appears to seek discovery that is not unduly intrusive or burdensome, as the evidentiary requests appear to be narrowly tailored both substantively and temporally.

Accordingly, it is hereby **ORDERED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3. Mr. Chodiev's request for leave to conduct discovery, including leave to serve subpoenas substantially similar in form to Exhibits 13-14 to the Declaration of Kate Maguire is GRANTED.

4. RenCap Securities Inc. is directed to take all steps reasonably necessary to retain all documents in its possession, custody, or control that are relevant to this Application or the foreign proceedings until such time as Mr. Chodiev communicates to it that the preservation is no longer necessary or until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose Mr. Chodiev from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

6. The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicant.

Case 1:22-mc-00363-LAK   Document 7   Filed 12/22/22   Page 3 of 3
Case 1:22-mc-00363-LAK   Document 1-1   Filed 12/13/22   Page 3 of 3

7. A copy of this Order shall be served with each discovery demand.

**SO ORDERED.**

Dated:     12/22, 2022
           New York, New York

_____
United States District Judge